IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| PATRICK CATES, on behalf of himself and all others similarly situated, | § § § | |
| | § | **CLASS ACTION** |
| *Plaintiff,* | § § | |
| v. | § | Civil Action No.: _____ |
| | § | |
| BLUECORE COMPLETIONS, LLC and PINTAIL COMPLETIONS, LLC | § § § | **JURY DEMANDED** |
| | § | |
| *Defendants.* | § § | |

### CLASS ACTION COMPLAINT FOR VIOLATION OF WARN ACT

Plaintiff, Patrick Cates ("Plaintiff" or "Cates"), on behalf of himself and all other similarly situated affected employees, files this Class Action Complaint against Defendants, BlueCore Completions, LLC ("BlueCore") and Pintail Completions, LLC ("Pintail" and, collectively with BlueCore, the "Defendants"). Plaintiff respectfully shows the Court the following:

### I.     NATURE OF THE ACTION

1.     This is a class action brought by Plaintiff, and similarly situated individuals (the "Class Members"), pursuant to the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101-2109 (the "WARN Act") for Defendants' failure to give the required WARN Act written notice to Plaintiff and the Class Members in connection with a recent Mass Layoff and/or Plant Closing at Defendants' Midland, Texas single site of employment, which Plaintiff and the Class Members were employed during the relevant time period.

2.     On or about July 14, 2023, Plaintiff learned that he was to be terminated effective immediately, without cause, as part of or as a foreseeable result of a Mass Layoff and/or Plant Closing ordered by Defendants. Such termination violated the notice requirements of the WARN

Act because Defendants failed to give Plaintiff and the Class Members at least sixty days' advanced written notice of termination.

3. Plaintiff and the other Class Members were verbally notified of their termination individually by their respective direct supervisors.

4. Each of the Defendants is an "Employer" of Plaintiff and the other Class Members within the meaning of the WARN Act, and both Defendants have breached their statutory obligations owed as an Employer to Plaintiff and the Class Members by failing to provide any prior written notice of the Mass Layoff and/or Plant Closing.

5. Accordingly, Defendants are liable under the WARN Act for failing to provide Plaintiff and the Class Members with 60 days' advance written notice as required by the WARN Act.

6. Thus, Plaintiff and the Class Members seek their statutory remedies in the amount of sixty days' back pay and ERISA benefits, attorney's fees, costs, interest, and other statutory remedies in light of Defendants' violation of the WARN Act.

## II.   PARTIES

### A.   Plaintiff Patrick Cates

7. Patrick Cates is a natural person who resides in Lubbock County, Texas, and has standing to file this lawsuit. Mr. Cates was employed as a Field Engineer by Defendant BlueCore, subsequently owned by Defendant Pintail. Pursuant to the WARN Act, he was stationed and/or had primary duties at Defendants' Midland facility, located at 6909 S. County Road 1276, Midland, Texas 79706 (the "Facility"). 20 C.F.R. § 639.3(i). On July 14, 2023, Mr. Cates was informed on a phone call with management that his employment with Defendants had been terminated effective immediately. Mr. Cates did not receive any written notice of termination. At all times relevant, Mr. Cates was an employee that was entitled to notice under the WARN Act.

**B.     Class Members**

8.      The scope of the class is presently limited to similarly situated affected employees who worked for Defendant BlueCore, subsequently Defendant Pintail, in connection with BlueCore's wireline and valve services, including pumpdown work, packers, toes, running an array of down hole tools, and installing frack stacks and valves to open and close wells, in and around West Texas at/through the Defendants' Facility.

9.      The Class Members are affected employees of Defendants who are similarly situated to Plaintiff, including their common employment at the relevant single site of employment, the Facility, and who experienced an employment loss as a consequence of Defendants' Mass Layoff and/or Plant Closing in the 30-day period from Plaintiff's Employment Loss. A list of the class members is attached as Exhibit "A".

10.     On information and belief, the single Site of Employment for purposes of the WARN Act is Defendants' Facility. 20 C.F.R. § 639.3(i).

**C.     Defendant BlueCore Completions, LLC**

11.     On information and belief, Defendant BlueCore Completions, LLC ("BlueCore") is a Delaware limited liability company, with its mailing address at 2804 S. County Road 1257, Midland, Texas 79406 and its principal place of business at 1999 Bryan St., Ste. 900, Dallas, Texas, 75201-3140.

12.     During all times relevant to this lawsuit, BlueCore has done business in the State of Texas.

13.     BlueCore can be served through its registered agent, National Registered Agents, Inc., at 1999 Bryan Street Ste. 900, Dallas, Texas 75201.

**D.  Defendant Pintail Completions, LLC**

14. On information and belief, Defendant Pintail Completions, LLC ("Pintail") is a Texas limited liability company, with its mailing address at 800 N. Marienfeld St., Ste. 100, Midland, Texas 79701 and its principal office at or near PO Box 470101, Fort Worth, Texas 76147.

15. During all times relevant to this lawsuit, Pintail has done business in the State of Texas.

16. Pintail was the purchaser of BlueCore who employed more than 100 fulltime employees at its headquarters at the Facility or who employed 100 or more employees, including part-time employees, who in the aggregate work at least at least 4,000 hours per week, exclusive of hours of overtime.

17. Pintail can be served through its registered agent, William Dismuke, at 2000 E. Lamar Blvd., Suite 500, Arlington, Texas 76006.

### III.  JURISDICTION AND VENUE

18. The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction. During all times relevant to this lawsuit, Defendants have done business in the State of Texas and continues to do business in the State of Texas.

19. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claim and the Class Members' claims on federal law, namely 29 U.S.C. §§ 2101-2109.

20. Venue is proper in the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions giving rise to the claims occurred in Midland County, Texas. Additionally, at all relevant times, Defendants transacted business in this District and continues to transact business in this District.

29 U.S.C. § 2104(a)(5).

## IV. FACTUAL BACKGROUND

A. RELATIONSHIP BETWEEN BLUECORE AND PINTAIL.

21. On information and belief, and at all material times, Defendant BlueCore and Defendant Pintail are business enterprises that employed/employs 100 or more employees, excluding part-time employees and employees who have worked less than six months in the twelve-month period preceding the first date the WARN Act notice was required to be given.

22. On information and belief, Defendants' Facility is/was the single Site of Employment, as defined by the WARN Act, for Defendants' employees, such as Plaintiff and the Class Members.

23. BlueCore was a wireline and valve company and began operating in 2017 in Texas at the Facility.

24. Pintail entered into negotiations with BlueCore to acquire BlueCore's assets. In or around July of 2023, Pintail acquired BlueCore's assets and retained only a few of BlueCore's employees in BlueCore's "endeavors pump down work" section.

B. PLAINTIFF AND THE CLASS MEMBERS' EMPLOYMENT.

25. Plaintiff was employed by BlueCore as a as a Field Engineer. Pursuant to the WARN Act, he had primary duties at Defendants' Facility. 20 C.F.R. § 639.3(i).

26. Plaintiff began working for Altitude Energy Partners, LLC ("Altitude") on November 23, 2020. Subsequently BlueCore purchased Altitude in March of 2022 and Plaintiff's employment was transitioned to BlueCore. Plaintiff was a full-time employee under the WARN Act. 20 C.F.R. § 639.3.

27. On or about July 14, 2023, Management called Plaintiff and told him he was terminated, effective immediately, and was instructed to turn in the company issued truck.

28. Plaintiff did not receive any other notice of his termination, verbally or written, other than the one he received on July 14, 2023, from management. Plaintiff was not discharged for cause, did not voluntarily resign, and did not retire.

29. On and around the time Plaintiff was verbally notified of his Employment Loss, Plaintiff learned that numerous other similarly situated employees of Defendants also suffered an Employment Loss.

30. Plaintiff's last day of employment was Friday, July 14, 2023.

31. On information and belief, the Employment Losses arising at Defendants' Facility which made the subject matter of this lawsuit occurred within a 30-day period of Plaintiff's Employment Loss.

32. On information and belief, 50 or more employees, totaling 1/3 or more of the workforce assigned to/working at Defendants' Facility, experienced Employment Losses during the relevant time period. These Employment Losses were not terminations for cause, voluntary departures, or retirements. Additionally, 50 or more of those affected employees had been full-time employees of Defendants for six or more months in the 12-month period preceding the date the WARN Act notice was due.

33. Plaintiff and the Class Members were not provided with any written notice by Defendants prior to their Employment Losses, including the 60 days' advance written notice required by the WARN Act.

34. For these reasons, Plaintiff was forced to file this action to recover damages caused by Defendants' failure to comply with the WARN Act.

## V.   CAUSES OF ACTION
### COUNT I: Violation of the Federal WARN Act

35.  Plaintiff realleges and incorporates all preceding paragraphs as if expressly set forth herein.

36.  At all relevant times, the Defendants employed more than 100 fulltime employees at its headquarters, the Facility, or who employed 100 or more employees, including part-time employees, who in the aggregate work at least at least 4,000 hours per week, exclusive of overtime.

37.  At all relevant times, the Defendants were "employers" of Plaintiff and the Class Members, as defined in 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639.3(a) and continued to operate as a business until they decided to order a Mass Layoff and/or Plant Closing at the Facility.

38.  Beginning on or about July 14, 2023, Defendants ordered a Mass Layoff and/or Plant Closing at the Facility, as those terms are defined by 29 U.S.C. § 2101(a)(2)-(3) and 20 C.F.R. § 639.3(i).

39.  The Mass Layoff and/or Plant Closing at the Facility resulted in an "employment loss" for at least 50 of the Defendants' fulltime employees at their Facility or at least 50 or more employees and at least 33% of the active full-time employees at the Facility. 29 U.S.C. §§ 2101(a)(2)-(3), (6).

40.  Plaintiff and the Class Members were terminated by Defendants without cause, as part of or as the reasonably foreseeable consequence of the Mass Layoff and/or Plant Closing ordered by Defendants at the Facility.

41.  Plaintiff and Class Members are "affected employees" of the Defendants, within the meaning of 29 U.S.C. § 2101(a)(5).

42.  The Defendants were required by the WARN Act to give Plaintiff and Class Members at least sixty days' advance written notice of their terminations.

43. Plaintiff and the Class Members were not provided with sixty days' advance written notice by Defendants of their upcoming Employment Losses.

44. Plaintiff and each of the Class Members are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104(a)(7).

45. On information and belief, Defendants did not notify the Texas agency responsible for dislocated workers with the notice provisions required by 29 U.S.C. § 2102(a) and 20 C.F.R. § 639.7(e) in connection with the Mass Layoff and/or Plant Closing.

46. As a result of Defendants' violations, Plaintiff and the Class Members have suffered damages. Plaintiff and the Class members seek all damages available to them in connection with the claims set forth in this lawsuit, including 60 days' wages and benefits as provided by the WARN Act. 29 U.S.C. § 2104.

## VI.   ATTORNEY'S FEES

47. Plaintiff and the Class Members request an award against Defendants in the amount of their reasonable and necessary attorney's fees, costs, and expenses incurred for asserting and prosecuting this lawsuit as authorized by 29 U.S.C. § 2104(a)(6). As a result of Defendants' violation of the WARN Act, Plaintiff and the Class Members have been required to obtain outside legal counsel to prosecute this action. Therefore, Plaintiff and the Class Members are entitled to recover their reasonable and necessary attorney's fees through trial, post-trial motions, and any appeal. Defendants are liable to Plaintiff and Class Members for their violation of the WARN Act.

## VII.   CLASS ACTION ALLEGATIONS

48. Plaintiff realleges and incorporates all preceding paragraphs as if expressly set forth herein.

49. Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23(b)(1), and (3) and the WARN Act 29 U.S.C. § 2104(a)(5).

50. Plaintiff brings this action on behalf of himself and all other similarly situated employees. Plaintiff seeks to represent a class initial defined as: "All of Defendants' employees working at/from/through Defendants' Facility, who experienced an employment loss during the 30-day period from July 14, 2023 without receiving the 60 days' advance written notice required by the WARN Act." Plaintiff requests the opportunity to expand, narrow, or modify the class definition pursuant to a motion for class certification and/or amended pleading to the extent discovery reveals that there is more than one single Site of Employment for Defendants.

51. Plaintiff and the Class Members are "affected employee(s)" subject to an "employment loss," as those terms are defined in the WARN Act at 29 U.S.C. § 2101(a)(5)-(6).

52. Plaintiff's claims satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action.

53. On information and belief, the Class Members are so numerous that joinder is therefore impracticable. The precise number of Class Members and their addresses are readily determinable from Defendants' records.

54. There are common questions of fact and law as to the class that predominate over any questions affecting only individual Class Members. The questions of law and fact common to the Class arising from Defendants' conduct include, but are not limited to, the following:

    a. Whether the provisions of the WARN Act apply;

    b. Whether Defendants' employees working at the Facility experienced an Employment Loss in connection with a Mass Layoff and/or Plant Closing under the WARN Act;

    c. Whether Defendants failed to provide the notices required by the WARN Act;

    d.  Whether Defendants can avail itself of any provisions of the WARN Act permitting lesser periods of written notice; and

    e.  The appropriate method to calculate damages under the WARN Act.

  55.  The questions above predominate over any questions affecting the individual Class Members, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the WARN Act claims.

  56.  Separate actions by individual class members could create a risk of inconsistent and varying adjudications, create incompatible standards of conduct for Defendants, and/or substantially impede the Class Members's ability to protect their interests.

  57.  Plaintiff is an affected aggrieved employee of Defendants who experienced an Employment Loss during the relevant periods of the WARN Act and did not receive the required written notice. 20 C.F.R. § 639.5. Thus, Plaintiff is a member of the class. Plaintiff is able and committed to pursuing this action and has retained proper counsel. Accordingly, Plaintiff is an adequate and qualified representative of the class and has the same interest of all the Class Members. Plaintiff will fairly and adequately protect the interests of the absent members of the Class because Plaintiff's claims are typical of the Class Member's claims. Plaintiff and Plaintiff's counsel do not have adverse claims or interests to the Class Members.

  58.  Furthermore, it is appropriate and authorized to grant class action treatment of this lawsuit because a plaintiff seeking to enforce liabilities under the WARN Act may sue either on his behalf, for other p-persons similarly situated, or both. WARN Act, 29 U.S.C. § 2104(a)(5).

## VIII. JURY DEMAND

  59.  Plaintiff hereby demands a trial by jury and has submitted the required jury fee.

## IV.  PRAYER

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, pray for the following relief as against Defendants:

a. An order certifying that the action may be maintained as a class action under Federal Rule of Civil Procedure 23;

b. An order designating Plaintiff as Class Representative;

c. An order designating Bonds Ellis Eppich Schafer Jones LLP, as Class Counsel;

d. All damages allowed by the WARN Act, including unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension, 401(k) contributions, and other ERISA benefits, for the sixty days that would have been covered and paid under the applicable employee benefit plans had that coverage continued for that period a as provided by 29 U.S.C. § 2104;

e. Pre-judgment and post-judgment interest;

f. Court costs;

g. Reasonable attorney's fees; and

h. Other such relief the Court deems just and proper.

Dated: February 14, 2024

Respectfully submitted,

BY: */s/ John T. Wilson*
John T. Wilson IV
State Bar No. 24033344
john.wilson@bondsellis.com
H. Brandon Jones
State Bar No. 24060043
brandon@bondsellis.com

**BONDS ELLIS EPPICH SCHAFER JONES LLP**
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900
(817) 405-6902 – Facsimile
**ATTORNEYS FOR PLAINTIFF AND CLASS MEMBERS**

# Exhibit "A"

**Class Members**

Cory Altenberg

Natividad Ayala

Aaron Boyce

Alfred Casares

Robert Chambers

Matt Edwards

Josh Evans

Alejandro Gandarilla

Carlos Govea

Jose Hernandez

Jimmy Howe

William Jake Morton

Joseph Ramses

Tammy Sanchez

Adam Sotelo

Fidel Villasenor

Trey Wommack